Myers v Doherty (2025 NY Slip Op 06550)

Myers v Doherty

2025 NY Slip Op 06550

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P., Kennedy, González, Higgitt, Michael, JJ. 

Index No. 158858/22|Appeal No. 5223|Case No. 2024-07122|

[*1]Ronald Myers, Appellant,
v
Inspector Mary Christine Doherty, et al., Respondents.

Giskan Solotaroff & Anderson, LLP, New York (David O'Brien of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about November 15, 2024, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Before commencing this action, plaintiff unsuccessfully asserted related claims in an action in federal court (see Myers v Doherty, 2021 WL 5599502 [SD NY, Nov. 30, 2021, No.21Cv219 (PAE)], affd 2022 WL 4477050 [2d Cir 2022])(the Federal Action). However, in the Federal Action he did not raise his claims under the New York State Human Rights Law (HRL), even though they are based on the same factual allegations. Therefore, plaintiff's claims in this action arising under the State HRL are barred by res judicata (see Dedewo v CBS Corp., 236 AD3d 541, 543 [1st Dept 2025]).
The finding in the Federal Action that plaintiff's claims based on events before January 11, 2018, when he initially filed the Federal Action, are time-barred, is entitled to collateral estoppel effect in this action (see Anandaraja v Icahn Sch. of Medicine at Mount Sinai, 227 AD3d 533, 534 [1st Dept 2024]). Even if collateral estoppel did not serve as a procedural bar, we would find that the statute of limitations applied on the merits to the pre-January 11, 2018 claims. The statute of limitations applicable to plaintiff's New York State HRL and New York City HRL claims is three years (CPLR 214[2]; Administrative Code of City of NY § 8-502[d]; see Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544 [1st Dept 2014]). Accordingly, the motion court providently declined to consider claims based on events that occurred more than three years before the commencement of the Federal Action. We reject plaintiff's invocation of the continuing violation doctrine, because he failed to show that the time-barred allegations comprised "a single continuing pattern of unlawful conduct extending into the limitations period immediately preceding the filing of the complaint" (Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021] [internal quotation marks and brackets omitted]). No such pattern exists here, because the conduct complained of between February 2005 and January 2018 consisted of "discrete events, involving different actors and occurring months to years apart" (id.).
Collateral estoppel does not bar plaintiff's claims for discrimination, retaliation, and hostile work environment that are not time-barred, since, notwithstanding the dismissal of the Federal Action, the viability of plaintiff's New York City HRL claim "must be independently assessed under more liberal standards" (Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). Further, plaintiff provided new details in the state complaint that were not included in the federal complaint (see 175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1 [1980).
Nevertheless, the claims fail on the merits, even under a "fair notice" pleading standard (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). Plaintiff did not experience an adverse employment action when he was notified of an impending transfer in October 2019, particularly as the transfer never actually occurred. Nor was plaintiff constructively discharged. Reviewing the alleged conduct that falls within the statute of limitations, defendants did not "deliberately create[] working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign" (Crookendale v New York City Health & Hosps. Corp., 175 AD3d 1132, 1132 [1st Dept 2019] [internal quotation marks omitted]).
Furthermore, while the New York City HRL provides for a broader "treated less well" standard than the adverse action analysis, plaintiff has not demonstrated that he was treated "less well than other employees because of [his] protected status; or that discrimination was one of the motivating factors" for defendants' conduct (Chin v New York City Hous. Auth., 106 AD3d 443, 445 [1st Dept 2013], lv denied 22 NY3d 861 [2014]).
Plaintiff also failed to sufficiently plead a retaliation claim, as the allegations fail to show a causal or temporal connection between any protected activity and an adverse action taken by defendant (Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 433 [1st Dept 2022]). Plaintiff's hostile work environment claim, which was improperly raised for the first time in his opposition to defendants' motion, also fails on the merits. Even assuming the alleged acts or omissions amounted to more than petty slights and trivial inconveniences (Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]), plaintiff's failure to adequately plead discriminatory animus is fatal to his hostile work environment claim (Pelepelin v City of New York, 189 AD3d 450, 451-452 [1st Dept 2020]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025